IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GEORGE L. DAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-1236-CV-W-GAF |
| | ) | |
| DENNY'S, INC. and PILGRIM'S PRIDE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Presently before the Court is a Motion to Remand filed by Plaintiff, George L. Day ("Day"). (Doc. #10). Day claims this case should be remanded because he is seeking less than $75,000 in damages. (Doc. #11). Defendant Denny's, Inc.[1] ("Denny's") opposes this Motion, arguing that the amount-in-controversy requirement of 28 U.S.C. § 1332 is satisfied. (Doc. #12). After considering the facts and arguments presented by the parties, this Court concludes that the amount-in-controversy does not exceed $75,000. Accordingly, Plaintiff's Motion to Remand is GRANTED.

**I.  Facts**

This case arises from an incident that occurred at a Denny's restaurant in Columbia, Missouri. (Doc. #1, Attach. #2). Day, a Denny's patron, ordered a grilled boneless chicken filet sandwich. Id. In the course of eating the sandwich, Day bit into a concealed chicken bone, sustaining damage to his front teeth. Id.

---

[1] Defendant Pilgrim's Pride Corporation ("Pilgrim") has not responded to Day's Motion.

Day filed suit against Denny's and Pilgrim[2] in the Circuit Court of Jackson County, Missouri on August 25, 2005. Id. Defendants removed the action to this Court on December 9, 2005. (Doc. #1). Day's complaint seeks damages from Denny's that are fair and reasonable "up to and not exceeding the sum of Seventy Four Thousand Nine Hundred Ninety Nine and no/100 Dollars ($74,999.00)..." Id. Similarly, Day seeks damages from Pilgrim "up to the sum of Seventy Four Thousand Nine Hundred Ninety Nine and No/100 Dollars ($74,999)."[3] (Doc. #1, Attach. #2). Day asserts that Denny's and Pilgrim are jointly and severally liable for his injuries.

Denny's argues that, because Day alleges that the Denny's and Pilgrim are jointly and severally liable, the damages sought against each Defendant may be aggregated to reach a total amount of $149,998. (Doc. #12). In evaluating the amount-in-controversy, this Court issued Day an Order to Show Cause as to whether he seeks damages in a total amount of $74,999 or $149,998, stating, "It is unclear from [Day's] complaint whether he is seeking damages in the total amount of $74,999 for which he alleges that Defendants are jointly and severally liable, or whether he seeks damages in the total amount of $149,998 for which he alleges that Defendants are jointly and severally liable." (Doc. #30). Day responded to this Court's Order, stating that "he seeks damages in the total amount of Seventy-Four Thousand Nine Hundred Ninety-Nine Dollars and No Cents ($74,999.00)." (Doc. #31).

**II.     Legal Standard and Analysis**

---

[2] Pilgrim allegedly supplied Denny's with the chicken filet that Day claims contained the concealed chicken bone. Id.

[3] In Day's Complaint, he asserts that he seeks "79,999" from Pilgrim. (Doc. #1, Attach. #2). However, the parties agree that this was a typographical error and that Day intended to seek "74,999.00." (Doc. #11, #12).

2

An action may be removed by a defendant where the case falls within the original jurisdiction of the district courts. 28 U.S.C. § 1441(a). If it appears that the case was not properly removed because it was not within the original subject matter jurisdiction of the United States district courts, the district court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c).

District courts have original jurisdiction over all civil actions where the adverse parties are citizens of different states and the amount-in-controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The removing party bears the burden of establishing complete diversity of citizenship among the parties and proving that the amount in controversy requirement is satisfied. Hollenbeck v. Outboard Marine Corp., 201 F.Supp.2d 990, 992 (E.D. Mo. 2001). It is well settled that a plaintiff may defeat removal by filing suit for less than the jurisdictional amount. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

Here, complete diversity of citizenship is uncontroverted. The appropriateness of removal in this case turns on whether the amount-in-controversy requirement is satisfied. Although Day's complaint is somewhat ambiguous regarding whether he is seeking damages in a total amount of $74,999 or $149,998, Day clarified this ambiguity by responding to this Court's Order to Show Cause with a statement that "he seeks damages in the total amount of Seventy-Four Thousand Nine Hundred Ninety-Nine Dollars and No Cents ($74,999.00)." (Doc. #31). Denny's has put forth no additional evidence to show that Day's damages are in fact greater than the amount alleged in the complaint. Accordingly, this Court lacks jurisdiction over this action.

## CONCLUSION

Because Denny's has put forth no evidence to meet its burden of proving that the amount-in-controversy exceeds $75,000 and because Day seeks damages that do not exceed $74,999, the amount-in-controversy requirement set forth in 28 U.S.C. § 1332 is not satisfied. Therefore, Day's Motion to Remand is GRANTED.

**IT IS SO ORDERED.**

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED: March 21, 2006